# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| JIMMY MCCOY, | ) |
|       Plaintiff, | ) |
| v. | ) Case No.: |
| EXPERIAN INFORMATION SOLUTIONS, INC.; and I.C. SYSTEM, INC., | ) |
|       Defendants. | ) |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, JIMMY MCCOY ("Plaintiff"), through his undersigned attorney, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and I.C. SYSTEM, INC. (hereinafter "Experian" and "I.C. System" respectively and "Defendants" collectively):

## **INTRODUCTION**

1. Counts I through II of Plaintiff's Complaint are based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

2. Count III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## **JURISDICTION AND VENUE**

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692 and FCRA, 15 U.S.C. § 1681; as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in the City of Calera, Shelby County, State of Alabama.

6. Plaintiff is a "consumer" as that term is defined by the FCRA.

7. Plaintiff allegedly owes a "debt" as that term is defined by the FDCPA.

8. I.C. System is a "debt collector" as that term is defined by the FDCPA.

9. Experian is a consumer reporting agency that does business in Shelby County, State of Alabama and has a principal place of business located in Allen, Texas.

10. Experian is a "consumer reporting agency" as that term is defined by the FCRA.

11. I.C. System is a third-party collection agency that does business in Shelby County, State of Alabama and has a principal place of business located in St. Paul, Minnesota.

12. I.C. System is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

13. Experian and I.C. System are each a "person" as that term is defined by the FCRA.

14. The credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by the FCRA.

15. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein

## FACTUAL ALLEGATIONS

17. At all times relevant hereto, I.C. System was attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff, arising from an unpaid AT&T U-verse account balance (Account No. 157418518).

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. I.C. System assigned 132072279 to the alleged debt as its account number.

20. Plaintiff does not owe the alleged debt.

21. Plaintiff's account with AT&T U-verse was paid-in-full.

22. In connection with the alleged debt, I.C. System furnishes a tradeline ("Tradeline") to at least one consumer reporting agency, namely, Experian.

23. The Tradeline includes inaccurate information that Plaintiff owes the alleged debt.

24. In or around March 2022, Plaintiff orally disputed the alleged debt, over the telephone, with Experian, informing it of the inaccurate reporting of the above-referenced Tradeline.

25. Plaintiff's dispute explained to Experian why the Tradeline was inaccurate or incomplete.

26. Plaintiff requested that Experian correct the inaccuracies of the Tradeline.

27. As a result of Plaintiff's dispute, Experian also contacted I.C. System and gave it notice of Plaintiff's dispute.

28. Both Defendants received the above-referenced dispute.

29. Despite Plaintiff's meritorious dispute, I.C. System continues to furnish to Experian

inaccurate or incomplete information regarding the Tradeline.

30. Experian continues to report the inaccurate Tradeline.

31. The Tradeline reported by Experian is inaccurate, incomplete, or unable to be verified.

32. I.C. System furnished information that it knew or had reasonable cause to believe was inaccurate or incomplete.

33. Despite Plaintiff's above-referenced dispute, I.C. System failed to correct the inaccurate and/or incomplete information it was furnishing to the consumer reporting agencies.

34. Despite Plaintiff's efforts, I.C. System failed to undertake a reasonable investigation following the notification it received from Experian of Plaintiff's dispute because it continues to disseminate inaccurate and/or incomplete information with its Tradeline.

35. Despite Plaintiff's efforts, Experian has nonetheless deliberately, willfully, intentionally, recklessly and negligently failed to perform reasonable reinvestigations of the above-referenced dispute as required by the FCRA, failed to timely remove the inaccurate and/or incomplete information, and continued to report the derogatory inaccurate and/or incomplete and/or unverifiable information about Plaintiff.

36. Experian has deliberately, willfully, intentionally, recklessly and negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

37. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

38. The consumer reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

39. As a result of Defendants' acts and/or omissions Plaintiff has suffered concrete, particularized real harm, including but not limited to, lost credit opportunities and the time, expense, and frustration of communicating with the Defendants to correct the inaccurate information on his consumer reports.

40. Defendants' above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

41. The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff.

## COUNT I:
## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. VIOLATED THE FAIR CREDIT REPORTING ACT

42. Plaintiff repeats and realleges paragraphs 1-41 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

43. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

WHEREFORE, Plaintiff, JIMMY MCCOY, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a), to be determined at trial;

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Equitable relief, including enjoining Experian from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT I.C. SYSTEM, INC. VIOLATED THE FAIR CREDIT REPORTING ACT**

44. Plaintiff repeats and realleges paragraphs 1-41 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. I.C. System violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to I.C. System;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    g. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V. 12 C.F.R. § 1022.42(a).

WHEREFORE, Plaintiff, JIMMY MCCOY, respectfully requests judgment be entered against Defendant, I.C. SYSTEM, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a), to be determined at trial;

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

**COUNT III:**
**I.C. SYSTEM, INC. VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

46. Plaintiff repeats and realleges paragraphs 1-41 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

47. I.C. System violated the FDCPA based on the following:

a. I.C. System violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when I.C. System engaged in all of the misconduct alleged above;

b. I.C. System further violated § 1692d of the FDCPA by attempting to collect a debt from Plaintiff, which Plaintiff does not owe;

c. I.C. System violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when I.C. System engaged in, at least, the following discrete violations of § 1692e;

d. I.C. System violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when I.C. System attempted to collect an alleged debt from Plaintiff, which Plaintiff does not owe;

e. I.C. System violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed when I.C. System communicated the alleged debt to Experian, which was known or should have been known to I.C. System, to be false;

f. I.C. System violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when I.C. System engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g. I.C. System violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when I.C. System engaged in all of the misconduct alleged herein;

h. I.C. System violated § 1692f(1) of the FDCPA by attempting to collect a debt from Plaintiff, which Plaintiff does not owe; and

i. I.C. System violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when I.C. System continued with its attempts to collect the alleged

debt despite Plaintiff's dispute of the alleged debt—a debt that Plaintiff does not owe.

WHEREFORE, Plaintiff, JIMMY MCCOY, respectfully requests judgment be entered against I.C. SYSTEM, INC., for the following:

48. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, in an amount to be determined at trial;

49. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. Costs and reasonable attorneys' fees, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

51. Any other relief that this Honorable Court deems appropriate.

November 30, 2022                    Respectfully submitted,
                                     WALKER MCMULLAN, ATTORNEYS

                                     By: /s/ M. Brandon Walker
                                     M. Brandon Walker
                                     Walker McMullan, Attorneys
                                     242 West Valley Avenue, Suite 312
                                     Birmingham, AL 35209
                                     Tel: 205-417-2541
                                     brandon@walkermcmullan.com
                                     Attorney for Plaintiff